UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Dianna Reed,<br><br>　　　　　　Plaintiff,<br>v.<br>Performance Asset Recovery Systems, LLC,<br>　　　　　　Defendant. | Civil Action No.: 4:12-cv-03484<br><br>**COMPLAINT**<br>**JURY** |

For this Complaint, the Plaintiff, Dianna Reed, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of the Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Dianna Reed ("Plaintiff"), is an adult individual residing in Houston, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Performance Asset Recovery Systems, LLC ("PARS"), is a California business entity with an address of 9007 Arrow Route #280, Rancho Cucamonga,

California 91730, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.   The Debt**

6.   The Plaintiff allegedly incurred a financial obligation (the "Debt") to First Bank of Delaware (the "Creditor").

7.   The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8.   The Debt was purchased, assigned or transferred to PARS for collection, or PARS was employed by the Creditor to collect the Debt.

9.   The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.   PARS Engages in Harassment and Abusive Tactics**

10.   On or around October 29, 2012, Defendant began contacting Plaintiff in an attempt to collect the Debt.

11.   Defendant placed several calls to both Plaintiff's home and cellular phones in addition to Plaintiff's place of employment.

12.   In its first call placed to the main line at Plaintiff's place of employment, Defendant informed Plaintiff's co-worker that it would be sending a sheriff to the workplace to serve and arrest Plaintiff.

13.   In this conversation, Defendant also informed Plaintiff's co-worker that it was planning to garnish Plaintiff's wages. Defendant then demanded to speak with Plaintiff's supervisor to discuss the policy for serving a summons at the workplace.

14. When Plaintiff called Defendant on November 2, 2012, Defendant denied that it had ever previously called Plaintiff's place of employment.

15. Defendant also refused to identify the true name of its company.

16. During this conversation, Defendant informed Plaintiff that she had a "one hour stay of execution" time frame in order to decide how to satisfy the Debt in full.

17. Defendant then continued with the same threats to Plaintiff as it had previously stated to Plaintiff's co-worker, including threatening to bring a lawsuit against Plaintiff.

18. However, no such legal action has been taken.

19. Defendant again threatened Plaintiff with garnishment.

20. Defendant, however, had no present ability to affect immediate garnishment without first obtaining a judgment against Plaintiff.

21. As the conversation continued, Defendant proceeded to call Plaintiff "stupid," and condescendingly told her that she "wouldn't be laughing" when the sheriff came to arrest her.

22. Defendant then rudely called Plaintiff a b**** and told her she would "rot in jail" after she was arrested.

23. On November 6, 2012, Plaintiff informed Defendant that she had retained legal representation and directed Defendant to conduct all future correspondence regarding the Debt with her attorney.

24. Defendant, however, ignored Plaintiff's notice of legal representation and placed an additional call to Plaintiff's place of employment on November 9, 2012.

25. Furthermore, Defendant failed to send Plaintiff written validation of the Debt as required by 15 U.S.C. § 1692g.

### C.     Plaintiff Suffered Actual Damages

26.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

27.     As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

### COUNT I

### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

28.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29.     The Defendant's conduct violated 15 U.S.C. § 1692b(1) in that Defendant contacted third parties and failed to identify themselves and further failed to confirm or correct location information.

30.     The Defendant's conduct violated 15 U.S.C. § 1692c(a)(2) in that Defendant contacted the Plaintiff after having knowledge that the Plaintiff was represented by an attorney.

31.     The Defendant's conduct violated 15 U.S.C. § 1692c(b) in that Defendant communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau.

32.     The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

33.     The Defendant's conduct violated 15 U.S.C. § 1692d(2) in that Defendant used profane and abusive language when speaking with the consumer.

34. The Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

35. The Defendant's conduct violated 15 U.S.C. § 1692d(6) in that Defendant placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

36. The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

37. The Defendant's conduct violated 15 U.S.C. § 1692e(4) in that Defendant threatened the Plaintiff with garnishment if the Debt was not paid.

38. The Defendant's conduct violated 15 U.S.C. § 1692e(4) in that Defendant threatened the Plaintiff with imprisonment if the Debt was not paid.

39. The Defendant's conduct violated 15 U.S.C. § 1692e(5) in that Defendant threatened to take legal action, without actually intending to do so.

40. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

41. The Defendant's conduct violated 15 U.S.C. § 1692g(a) in that Defendant failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

42. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

43. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

## VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT
## TEX. FIN. CODE ANN. § 392, et al.

44. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

46. The Defendant is each a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

47. The Defendant threatened violence or criminal means against the Plaintiff, in violation of Tex. Fin. Code Ann. § 392.301(a)(1).

48. The Defendants threatened that the Plaintiff would be arrested for nonpayment of the Debt without court proceedings, in violation of Tex. Fin. Code Ann. § 392.301(a)(5).

49. The Defendant used abusive and profane language when speaking with the Plaintiff, in violation of Tex. Fin. Code Ann. § 392.302(1).

50. The Defendant called the Plaintiff and failed to identify the name of the debt collection agency or the individual debt collector, with the intent to annoy and harass, in violation of Tex. Fin. Code Ann. § 392.302(2).

51. The Plaintiff is entitled to injunctive relief and actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(1) and (2) and to remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendant;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant;

4. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

5. Actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

6. Remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a);

7. Actual damages from the Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations;

8. Punitive damages; and

9. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: November 29, 2012

Respectfully submitted,

By:  __/s/ Jody B. Burton_____

Jody B. Burton, Esq.
CT Bar # 422773
LEMBERG & ASSOCIATES L.L.C.
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424